**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHNNY AL OSBORNE, Jr.,

                Plaintiff - Appellant,

    v.

MAX WILLIAMS; et al.,

                Defendants - Appellees.

No. 10-35325

D.C. No. 1:09-cv-01420-PA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Johnny Al Osborne, Jr., an Oregon state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional violations related to confiscated or destroyed property and

disciplinary hearings.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo a dismissal under 28 U.S.C. § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Osborne's claims alleging unauthorized deprivation of property because Osborne has an adequate post-deprivation remedy in the form of the Oregon Tort Claims Act. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (unauthorized deprivation of property does not amount to a due process violation when a post-deprivation state remedy is available); *see also* Or. Rev. Stat. § 30.260 *et seq*.

The district court properly dismissed Osborne's due process claim arising out of his prison disciplinary hearings because Osborne failed to allege that a protected liberty or property interest was at stake in the proceedings. *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (due process "adhere[s] only when the disciplinary action implicates a protected liberty interest in some unexpected [manner] or imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in declining to appoint Osborne counsel because Osborne failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("[A] court may under

exceptional circumstances appoint counsel for indigent civil litigants[.]" (citation and internal quotation marks omitted)).

We do not consider matters not raised in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Osborne's remaining contentions are unpersuasive.

**AFFIRMED.**